ZAINEY, J.
DECEMBER 27, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERTRUDE TRAHAN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-4174 |
| GRANITE STATE INSURANCE CO., ET AL. | SECTION "A"(4) |

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 2)** filed by plaintiffs Gertrude Trahan and Wiley Trahan. Defendants, J.C. Penney Corp., Inc. and Granite State Insurance Co. ("Defendants"), oppose the motion. The motion, set for hearing on November 16, 2005, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

**I. BACKGROUND**

Gertrude Trahan ("Plaintiff") alleges that she tripped and fell while entering a J.C. Penney department store located in Houma, Louisiana. (Pet. ¶ 3). She claims that she fell due to

uneven, unlevel, and defective carpeting between the entrance's double doorway system. (Id.). Plaintiff claims injuries including a left arm fracture requiring surgical repair with hardware, left shoulder dislocation, lumbar spine injuries, and injuries to her left big toe and upper chin. (Id. ¶ 4).

Plaintiff originally filed suit in state court. In addition to suing J.C. Penney, its insurer, and the Southland Mall, Plaintiff also sued Terry Perkins, Manager of the J.C. Penney store, Dorris Volentine, Manager of the Southland Mall Shopping Center Partnership, and Nicole Lacroix, an employee of J.C. Penney who Plaintiff alleges had direct supervision and responsibility for the entrance to the store's catalog department. (Supp. Pet. ¶ 7a). Perkins, Volentine, and Lacroix are all Louisiana residents. Both plaintiffs are domiciled in Louisiana.

Defendants removed the case to this Court. They argue that the allegations in Plaintiff's petition bring the amount in controversy within the jurisdictional requirements of federal court. Further, they argue that Perkins, Volentine, and Lacroix are all nominal defendants who face no liability under Louisiana law. Therefore, according to defendants, they were fraudulently joined to defeat federal jurisdiction and their citizenship should be ignored for jurisdictional purposes.

Plaintiff argues that Defendants have provided no proof that

the amount in controversy exceeds $75,000.00. Plaintiffs further argue that Defendants have submitted no evidence to establish that Plaintiff has no chance of recovering against the Louisiana defendants.

## II. DISCUSSION

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. Frank v. Bear Stearns & Co., 128 F.3d 919, 921 (5th Cir. 1997) (citing Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995)). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988)).

When the removing party alleges jurisdiction on the basis that parties of non-diverse citizenship have been fraudulently joined, then the removing party must prove the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999)). The court must determine based upon the record before it whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. Id. (citing Great

Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002)). In a fraudulent joinder analysis, the district court may "pierce the pleadings" and any ambiguities of state law or contested issues of fact must be resolved in plaintiff's favor. Id. (citing Carriere v. Sears, Roebuck & Co., 893 F.2d 98 (5th Cir. 1990); Griggs, 181 F.3d at 699-702). The burden of persuasion on those who claim fraudulent joinder is a heavy one. Id. (citing B., Inc. v. Miller Brewing Co., 633 F.2d 545, 549 (5th Cir. 1981)).

The fraudulent joinder issue turns on whether Plaintiff has a claim against either Perkins, Volentine, or Lacroix, individually, i.e., whether any of them can be held *personally* liable to Plaintiff for something that they either did or failed to do. The issue is not whether J.C. Penney or Southland Mall is ultimately liable for any fault on their part. Indeed, any fault on the part of Perkins, Volentine, and Lacroix will be imputed to their respective employers regardless of whether Plaintiff has a claim against any of them individually.

Plaintiff's claims against Perkins, Volentine, and Lacroix individually are governed by Canter v. Koehring Co., 283 So. 2d 716 (La. 1973). Canter answered when and under what circumstances an employee is individually liable to a third person injured solely by reason of the employee's breach of an employment-imposed duty. According to Canter, personal liability

cannot be imposed upon an employee simply because of his general administrative responsibility for performance of some function of employment. 283 So. 2d at 721; LeJeune v. Shell Oil Co., 950 F.2d 267, 271 (5th Cir. 1992). He must have a specific duty towards the injured plaintiff. Id. Absent an independent personal duty owed to the plaintiff, individual employees are liable only for "the actual commission of those positive wrongs for which they would be otherwise accountable in their individual capacity, under the obligations common to all other men." Lailhengue v. Mobil Oil Co., 775 F, Supp. 908, 910 (E.D. La. 1991)(quoting Prince v. Nationwide Ins. Co., Civ. A. No. 882858, 1989 WL 10682 *1 (E.D. La. Feb. 9, 1989)).

The Court must examine the record to determine whether Defendants have met their burden of showing that Plaintiff has *no possibility* of recovering against Perkins, Volentine, and Lacroix. Defendants' burden is a heavy one given that Louisiana law does provide a cause of action against employees such as Perkins, Volentine, and Lacroix under certain factual scenarios. The Notice of Removal does not expalin the fraudulent joinder issue in any detail. Defendants only record support for their fraudulent joinder argument is contained in their memorandum in opposition to the motion to remand. That memorandum was filed on November 8, 2005, with no accompanying evidentiary support given

that the Lacroix affidavit is missing page 2.[1] Arguments by counsel do not constitute evidentiary support.

Nevertheless, even considering the Lacroix affidavit, the Court is not convinced that Defendants have met their burden. Lacroix attests that she delegated responsibility for the J.P. Penney floors to Johnson Controls Industries, a private contractor. (Lacroix affid. ¶ 3). Lacroix then attempts to absolve Perkins of liability by stating that Perkins delegated responsibility for the floors to Johnson Controls. (Id. ¶ 5). The record contains no explanation as to why Perkins has not submitted her own affidavit.

In sum, Defendants have not met their heavy burden of establishing that Canter liability is inapplicable here. Consequently, the parties are not completely diverse which deprives this Court of subject matter jurisdiction.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 2)** filed by plaintiffs Gertrude Trahan and Wiley Trahan should be and is hereby **GRANTED**. This matter is **REMANDED** to the 32nd JDC, Parish

---

[1] A copy of the complete affidavit of Nicole Lacroix was faxed to chambers on either November 15 or 17, 2005, depending upon how one interprets the time/date stamp on the fax. Counsel did not move to supplement the prior incomplete filing with this affidavit so it does not appear as of record. Moreover, counsel states at page 9 of the memorandum in opposition that the original Lacroix affidavit would be filed into the record. To date, no such original affidavit has been filed.

of Terrebonne pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Plaintiffs' request for attorney's fees and costs associated with this motion is **DENIED**.

* * * * * * * *